**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALSOL CORP., et al.,<br><br>Defendants. | Civil Action No. 09-3026 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff the United States of America (the "Government")'s motion to enforce the Consent Decree entered in this case on July 26, 2011, against Defendants SB Building GP, L.L.C., United States Land Resources, L.P. ("USLR"), United States Realty Resources, Inc., and Lawrence S. Berger (collectively the "Non-Debtor Defendants").[1] (ECF No. 71). The Non-Debtor Defendants cross-move the Court to modify the Consent Decree pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6). (ECF No. 79). The Court has considered the parties' submissions in support of and in opposition to the instant motions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** the Government's motion and **DENIES** the Non-Debtor Defendants' cross-motion.

---

[1] Because they have filed for Chapter 11 Bankruptcy protection, the Court refers to Alsol Corporation and SB Building Associates, L.P. as the "Debtor Defendants." All further references to Defendants refer to the Debtor and Non-Debtor Defendants. It bears emphasizing that the Government now seeks to hold *only* the Non-Debtor Defendants jointly and severally liable for the amount that they owe under the Consent Decree.

1

I.  **BACKGROUND**

This action arises under Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9604, which empowers the Government to access facilities containing hazardous substances, pollutants, or contaminants. 42 U.S.C. § 9604(e). If an entity refuses to allow the Government to access such a facility, the Government may commence a civil action against the entity to compel compliance and impose civil penalties against it. 42 U.S.C. § 9604(e)(5)(B).

In June 2009, the Government initiated this action under Section 104 of CERCLA, seeking to access the Michelin Powerhouse Superfund Site in Milltown, New Jersey (the "Site"), and to impose civil penalties against Defendant Alsol Corporation. (Compl., ECF No. 1). The Government subsequently amended its Complaint to add as defendants the Non-Debtor Defendants and SB Building Associates, L.P. (Am. Compl., ECF No. 37). Eventually, on July 26, 2011, this Court entered a Consent Decree, resolving the Government's claims for civil penalties against Defendants and granting the Government continued access to the Site. (Consent Decree, ECF No. 63).

The Consent Decree required Defendants to pay, in six installments over three years, a civil penalty of $200,000 plus interest at an annual rate of three percent. (*Id.* at ¶¶ 4(i), 5). The first installment, which Defendants have not yet paid, was due on February 15, 2013, 570 days after the Court's entry of the Consent Decree. (Consent Decree App'x 1; Hickman Aff. ¶¶ 6-7, ECF No. 71-2). Defendants' failure to pay that installment triggered the Consent Decree's accelerated payment clause, which provides:

> If [Defendants] fail to [pay an installment] by the required due date, the amount of $295,000, plus all accrued Interest (less payments already made) shall become due immediately upon such

2

> failure. Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

(Consent Decree ¶ 9). In addition, Defendants' continuing failure to pay the first installment has triggered the imposition of stipulated penalties against them of $750 per day for the first thirty days that they failed to pay, $1,000 per day for the following thirty days that they failed to pay, and $1,500 per day for each day thereafter. (*Id.* at ¶ 10). Defendants are jointly and severally liable for these amounts under the Consent Decree. (*Id.* at ¶ 13).

On March 7, 2014, the Government moved the Court to enter an Order finding that the Non-Debtor Defendants violated the Consent Decree, and to enter a judgment against them, holding them jointly and severally liable for the amount owed under the Consent Decree. (ECF No. 71). In response, the Non-Debtor Defendants cross-moved the Court to modify the Consent Decree pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6). (ECF No. 79). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345.

## II.   LEGAL STANDARD

The Third Circuit "has emphasized that, by signing a consent decree, signatories make a 'free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment.'" *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 201 (3d Cir. 2012) (quoting *United States Steel Corp. v. Fraternal Assoc. of Steel Haulers*, 601 F.2d 1269, 1274 (3d Cir. 1979)). However, a signatory's choice is not set in stone. Federal Rules of Civil Procedure 60(b)(5) and (6) authorize a Court to relieve the signatory from a consent decree when "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Such relief is not available "merely because it is no longer convenient for a party to comply with the consent [decree]." *Democratic Nat'l Comm.*, 673 F.3d at 202 (citations omitted). A party seeking such relief must move for it

3

"within a reasonable time," Fed. R. Civ. P. 60(c)(1), and demonstrate why enforcement of the consent decree would be inequitable. Fed. R. Civ. P. 60(b)(5)-(6).

    A.    <u>Federal Rule of Civil Procedure 60(b)(5)</u>

Federal Rule of Civil Procedure 60(b)(5) permits a Court to modify a consent decree if "applying it prospectively is no longer equitable . . . ." Fed. R. Civ. P. 60(b)(5). "[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). To do so, according to the Supreme Court's holding in *Rufo*, such a party generally must establish at least one of the following by a preponderance of the evidence: "(1) a significant change in factual conditions; (2) a significant change in law; (3) that '[the] decree proves to be unworkable because of unforeseen obstacles'; or (4) that 'enforcement of the decree without modification would be detrimental to the public interest.'" *Democratic Nat'l Comm.*, 673 F.3d at 202 (quoting *Rufo*, 502 U.S. at 384). "Although *Rufo* provides a general interpretation of Rule 60(b)(5)," according to the Third Circuit, "it does not provide a 'universal formula' for deciding when applying a decree prospectively is no longer equitable." *Id.* (quoting *Bldg. & Constr. Trades Council of Phila. & Vicinity, AFL-CIO v. Nat'l Labor Relations Bd.* ("BCTC"), 64 F.3d 880, 888 (3d Cir. 1995)).

Accordingly, when deciding whether to vacate or modify a consent decree, a court should also "respond to the specific set of circumstances before it by considering factors unique to the conditions of the case." *Id.* (citing *BCTC*, 64 F.3d at 888). The additional factors that a court should typically consider include: (1) the circumstances leading to the entry of the decree; (2) the nature of the conduct the decree sought to prevent; (3) the length of time since entry of the decree; (4) whether the party subject to the decree's terms has attempted to comply in good faith

4

with it; and (5) the likelihood that the conduct or conditions the decree sought to prevent will recur absent the decree. *Id.* (citation omitted). "In weighing these factors, 'the court must balance the hardship to the party subject to the injunction against the benefits to be obtained from maintaining the injunction' and the court should also 'determine whether the objective of the decree has been achieved.'" *Id.* (quoting *BCTC*, 64 F.3d at 888).

B. Federal Rule of Civil Procedure 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) permits a Court to modify a consent decree for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A party seeking such relief "must demonstrate the existence of 'extraordinary circumstances.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citations omitted). To demonstrate "extraordinary circumstances," a movant must show that "absent such relief an 'extreme' and 'unexpected' hardship' will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). Notably, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255 (citation omitted).

III. **DISCUSSION**

As previously noted, there are two motions currently before the Court. The Government moves the Court to enter an Order finding that the Non-Debtor Defendants have violated the Consent Decree, and to enter a judgment finding that they are jointly and severally liable to the Government for the amount owed under the Consent Decree. (Pl.'s Br. 3-4, ECF No. 71-1). In response, the Non-Debtor Defendants cross-move the Court to modify the Consent Decree pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6). (Defs.' Opp'n Br. 3-7, ECF No.

78-1). The Court first considers the Non-Debtor Defendants' cross-motion to modify the Consent Decree, and then considers the Government's motion to enforce it.

    A.    <u>Whether the Non-Debtor Defendants Have Established That the Consent Decree Should be Modified Pursuant to Federal Rule of Civil Procedure 60(b)(5) Because Applying it is no Longer Equitable</u>

The Non-Debtor Defendants move the Court to modify the Consent Decree pursuant to Federal Rule of Civil Procedure 60(b)(5). (*Id.* at 3-6). They argue, in essence, that enforcing the Consent Decree is no longer equitable because: (1) there have been significant changes in factual conditions since the entry of the Consent Decree; and (2) enforcing the Consent Decree would be detrimental to the public interest. (*See id.*). The Court considers each of the Non-Debtor Defendants' proffered grounds for modification in turn.

        1.    <u>Whether the Non-Debtor Defendants Have Shown That Significant Changes in Factual Conditions Justify Modification of the Consent Decree</u>

As the Court understands it, the Non-Debtor Defendants contend that three significant changes in factual conditions justify modification of the Consent Decree. The first such change is the bankruptcy of the Debtor Defendants, Alsol Corporation and SB Building Associates, L.P. (*Id.* at 5). The second such change is the completion of the environmental cleanup of the Site. (*Id.*). The third such change is the Government's attempt to recover over $3 million in response costs at the Site from Defendants in a parallel CERCLA action filed in this District, *United States of America v. Alsol Corporation*, No. 13-380. (*Id.*). These changes do not justify modification of the Consent Decree.

With regard to the first alleged significant change in factual conditions, the Non-Debtor Defendants have offered no evidence suggesting that the Debtor Defendants' finances prevent them, the Non-Debtor Defendants, from paying what they currently owe under the Consent Decree. (*See id.* at 5-6). This distinction is critical since the Government moves to enforce the

6

Consent Decree against only the Non-Debtor Defendants. The Non-Debtor Defendants have asserted that the continued accrual of daily stipulated penalties "has led to an ever-increasing sum that serves no purpose other than to bury [Defendants] so deeply that they will never recover." (*Id.* at 5). This vague and unsupported assertion, however, does not establish the existence of a significant change in the Non-Debtor Defendants' factual conditions "by a preponderance of the evidence," *Democratic Nat'l Comm.*, 673 F.3d at 202, and, thus, the Non-Debtor Defendants have not met their burden under *Rufo*. Accordingly, the Non-Debtor Defendants are not entitled to have the Consent Decree modified because of the bankruptcy of the Debtor Defendants.

With regard to the second alleged significant change in factual conditions—the completion of the environmental cleanup of the Site—the Non-Debtor Defendants have failed to explain why this change is "significant." Indeed, the impetus for the Consent Decree's imposition of civil penalties against the Non-Debtor Defendants, which they now seek to modify, was to punish them for "their failure and/or refusal to provide EPA access to the Site." (*See* Consent Decree p. 1 pt. I. A.). That retributive objective would be undermined if the Court now excused the Non-Debtor Defendants from their obligation to fulfill the terms of the Consent Decree.

With regard to the third alleged significant change in factual conditions—the Government's attempt to recover over $3 million in response costs at the Site from Defendants—the Non-Debtor Defendants have also failed to explain why this change is "significant." The Non-Debtor Defendants agreed in the Consent Decree to provide the Government with access to the Site "to conduct any activity relating to response action at the Site," and, thus, it is unsurprising that the Government now seeks to recover response costs. (Consent Decree ¶ 27).

7

Because the Non-Debtor Defendants have produced no evidence suggesting that those costs were unforeseeable, the Court concludes that those costs do not justify the modification of the Consent Decree. *BCTC*, 64 F.3d at 888 ("Central to the court's consideration will be whether the modification is sought because changed conditions unforeseen by the parties have made compliance substantially more onerous or have made the decree unworkable.").

### 2. Whether the Non-Debtor Defendants Have Established That Enforcing the Consent Decree Would be Detrimental to the Public Interest

The Non-Debtor Defendants assert that requiring them to pay the amount that they currently owe under the Consent Decree is against the public interest because requiring them to do so will further delay the redevelopment of the Site. (Defs.' Opp'n Br. 5-6). They have offered no evidence, however, to back up this assertion. *See Democratic Nat'l Comm.*, 673 F.3d at 202 (noting that a party seeking modification of a consent decree must establish that enforcement of the decree without modification would be detrimental to the public interest by a preponderance of the evidence).

Even if the Non-Debtor Defendants had offered such evidence, the public certainly has a strong interest in holding them to the terms of the Consent Decree since the continued effectiveness of such decrees depends on their "vigorous enforcement." *New Jersey Dept. of Envtl. Prot. v. Gloucester Envtl. Mgmt. Servs. Inc..*, No. 84-0152, 2005 WL 1129763, *13 (D.N.J. May 11, 2005); *cf. BCTC*, 64 F.3d at 888 (noting that the likelihood that the conduct that a consent decree sought to prevent will recur is significant to determining whether modification should be granted). Furthermore, the public also has a strong interest in upholding the finality of judgments,[2] which "should not be either deprecated or ignored." *BCTC*, 64 F.3d at 888; *see also Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) ("[T]he finality of

---

[2] The Consent Decree constitutes the final judgment between the Government and the Non-Debtor Defendants. (Consent Decree ¶ 44).

8

judgments is a sound principle that should not lightly be cast aside."). Because the Non-Debtor Defendants have failed to establish by a preponderance of the evidence that enforcing the Consent Decree would be detrimental to the public interest, they are not entitled to relief under Federal Rule of Civil Procedure 60(b)(5) on that basis.[3]

> B. Whether the Non-Debtor Defendants Have Established That the Consent Decree Should be Modified Pursuant to Federal Rule of Civil Procedure 60(b)(6) Because of Extraordinary Circumstances

The Non-Debtor Defendants also move the Court to modify the Consent Decree pursuant to Federal Rule of Civil Procedure 60(b)(6). (Defs.' Opp'n Br. 6-7). They argue that "the extraordinary inflation" of their debt under the Consent Decree from $200,000 to $896,751.79, as of April 7, 2014, is "inequitable," and that they are unable to pay that amount. (*Id.*).

The Court is unpersuaded that the inflation of the Non-Debtor Defendants' debt under the Consent Decree is "extraordinary." A circumstance is extraordinary when it results in an "extreme" and "unexpected" hardship. *Jackson v. Danberg*, 656 F.3d 157, 165-66 (3d Cir. 2011). Here, the Non-Debtor Defendants freely agreed to the terms of the Consent Decree, including the accelerated payment and stipulated penalty provisions. Given this counseled and deliberate choice, there is no basis upon which this Court can conclude that the inflation of the Non-Debtor Defendants' debt under the Consent Decree is an "extreme" and "unexpected" hardship." *See Budget Blinds*, 536 F.3d at 255 ("extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 274 (3d Cir. 2002) ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and

---

[3] Because the Non-Debtor Defendants have failed to establish that a significant change of circumstances warrants modification of the Consent Decree, the Court declines to consider the Government's alternative basis for denying the Non-Debtor Defendants' Rule 60(b)(5) motion, *i.e.*, that the imposition of stipulated penalties under the Consent Decree does not have "prospective application" under Rule 60(b)(5). (Pl.'s Opp'n Br. 2-3, ECF No. 81).

knowledgeable' decisions."); *Cf. United States v. Rueth Dev. Co.*, 335 F.3d 598 (7th Cir. 1997) (affirming award of $4,018,5000 in stipulated penalties where original penalty due under consent decree was only $23,000).

Lastly, as noted above, the Non-Debtor Defendants have offered no evidence in support of their position that they are unable to pay the amount that they currently owe under the Consent Decree. In contrast, the Government has offered evidence suggesting that at least one of the Non-Debtor Defendants, USLR, is able to pay the amount owed. (Pl.'s Opp'n Br. 5-6). Specifically, the Government has provided the Court with recent filings made by USLR in this District's Bankruptcy Court, which state that USLR's net income for calendar year 2013 exceeded $8.5 million and that it has assets exceeding $100 million. (Pl.'s Ex. A, ECF No. 81-1; Pl.'s Ex. B, ECF No. 81-2). Ultimately, because the Non-Debtor Defendants have failed to demonstrate the existence of extraordinary circumstances, they are not entitled to modification of the Consent Decree under Federal Rule of Civil Procedure 60(b)(6).

### C. Whether the Government Has Established That This Court Should Enforce the Consent Decree

The Government moves the Court to enforce the Consent Decree, contending that the Non-Debtor Defendants have yet to pay the amount that they owe thereunder. (Pl.'s Br. 1, ECF No. 71-1). The Non-Debtor Defendants do not dispute this contention, nor do they dispute the Government's calculation of the amount that they collectively owe under the Consent Decree as of April 7, 2014, $896,751.79. (Pl.'s Reply Br. 1-2, ECF No. 80). Instead, the Non-Debtor Defendants' only response to the Government's motion has been to file a cross-motion for modification of the Consent Decree.

The Consent Decree expressly provides for this Court's continuing jurisdiction "for the purpose of interpreting and enforcing [its] terms . . . ." (Consent Decree ¶ 37). Furthermore, "it

is a well-established principle that a court has jurisdiction to enforce the terms of its own consent decree, as a judicial decree." *New Jersey Dept. of Envtl. Prot.*, 2005 WL 1129763 at *20 (citation omitted). Pursuant to this jurisdiction, the Court grants the Government's motion to enforce the terms of the Consent Decree.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Government's motion to enforce the Consent Decree and **DENIES** the Non-Debtor Defendants' motion to modify the Consent Decree.

An appropriate Order accompanies this Opinion.

DATED: 9th of May, 2014.

JOSE L. LINARES
U.S. DISTRICT JUDGE